[986 NYS2d 338]

In the Matter of THOMAS C. SLEDJESKI (Admitted as THOMAS SLEDJESKI II), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 28, 2014

**APPEARANCES OF COUNSEL**

*Robert A. Green*, Hauppauge (*Robert H. Cabble* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion of this Court dated October 23, 2013 (2013 NY Slip Op 89104[U]), the respondent was immediately suspended from the practice of law pursuant to 22 NYCRR 691.4 (l) (1) (i), (ii) and (iii); the Grievance Committee for the Tenth Judicial District was authorized to institute and prosecute a disciplinary proceeding against the respondent, based upon a petition dated June 6, 2013; the respondent was directed to serve and file an answer to the petition within 20 days; and the petition and any answer thereto were referred to John P. Clarke, Esq., as Special Referee, to hear and report. The petition, dated June 6, 2013, contained 13 charges of professional misconduct alleging that the respondent was guilty of, inter alia, conduct that adversely reflects on his fitness as a lawyer; conduct involving dishonesty, fraud, deceit and misrepresentation; conduct prejudicial to the administration of justice; intentional conduct that prejudiced or damaged a client during the course of the professional relationship; knowingly making a false statement of law or fact; other illegal conduct contrary to a disciplinary rule; suppressing evidence that a lawyer or client has a legal obligation to reveal or produce; concealing or knowingly failing to disclose that which a lawyer is required to reveal; and using means in representing a client that had no substantial purpose other than to delay or prolong the proceeding, or cause needless expense.

On November 8, 2013, the respondent was personally served with this Court's decision and order on motion dated October 23, 2013. However, the respondent failed to serve and file an answer to the petition within 20 days, as directed.

The Grievance Committee now moves to deem the charges against the respondent established, and to impose such discipline upon him as the Court deems appropriate, based upon his default. The respondent has neither opposed the Grievance Committee's motion nor interposed any response thereto.

Accordingly, the Grievance Committee's motion is granted, the charges in the petition dated June 6, 2013, are deemed established and, effective immediately, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law.

ENG, P.J., RIVERA, SKELOS, DILLON and BALKIN, JJ., concur.

Ordered that the Grievance Committee's motion is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Thomas C. Sledjeski, admitted as Thomas Sledjeski II, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Thomas C. Sledjeski, admitted as Thomas Sledjeski II, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Thomas C. Sledjeski, admitted as Thomas Sledjeski II, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Thomas C. Sledjeski, admitted as Thomas Sledjeski II, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).